IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROW FINANCIAL FEDERAL
CREDIT UNION,

    Plaintiff,

vs.                                            Case No. 8:10-cv-01874-EAK

JOSEPH A. WILLIAMS, JR.
A/K/A JOSEPH WILLIAMS,

    Defendant.
_____/

JOSEPH A. WILLIAMS, JR.
A/K/A JOSEPH WILLIAMS,

    Counter-Plaintiff,

vs.

GROW FINANCIAL FEDERAL
CREDIT UNION,

    Counter-Defendant.
_____/

**COUNTER-DEFENDANT'S MOTION TO DISMISS AND STRIKE OR
FOR MORE DEFINITE STATEMENT**

Comes Now the Counter-Defendant, GROW FINANCIAL FEDERAL CREDIT UNION (hereinafter "Grow"), by and through its undersigned attorneys, and files this, its Motion to Dismiss and Strike or for More Definite Statement directed to the counterclaim of the Counter-Plaintiff, Joseph A. Williams, Jr. a/k/a Joseph Williams (identified in his Answer and Counterclaim as Joseph Arthur Williams and Joseph A. William, Jr.,

hereinafter "Williams") and as grounds therefore, pursuant to Fed. R. Civ. P. 12(b), (e) and (f), and sets forth as follows:

1. This matter is before the court as a result of a notice of removal filed by Williams, who was a defendant in a civil suit filed by Grow in the Circuit Court of Hillsborough County, Florida.

2. The counterclaim of Williams is deficient in that it fails to state the grounds for this Court's jurisdiction which is required pursuant to Fed. R. Civ. P. 8(a)(1).

3. The counterclaim of Williams appears to be based upon the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §1681.

4. In Count One of Williams' counterclaim, Williams mentions both the CCPA and FDCPA, but makes no specific references to particular statutes so as to put Grow on notice as to what particular statutes it may have violated; while Williams mentions that Grow "failed to provide the defendant any statutory notices pursuant to the CCPA and the FDCPA prior to the filing of the complaint..."[1] he fails to mention where such notice requirements are mentioned or required in either statute.

5. Further, there are numerous sections under the statutory "umbrella" of the CCPA, and Williams should be required to make these references with more specificity to show his entitlement to a private cause of action and so that Grow is able to adequately respond.

---

[1] Williams' Answer & Counterclaim, page 4.

6. That if Williams is alleging violations under both the CCPA and the FDCPA, or whatever statutes may be involved, these statutes provide for separate causes of action which should not be combined into one count.

7. Regarding both Counts One and Two, as it relates to the claims under FDCPA, Williams fails to establish the applicability of the FDCPA to this action by failing to set forth any facts to identify the matter as a consumer debt matter, and by failing to establish that Grow, a federally chartered credit union, is in fact a debt collector as defined by the FDCPA.

8. The second count of Williams' counterclaim fails to allege sufficient facts to show any violation by Grow of the FDCPA, and also appears to mix causes of action again between the FCRA and the FDCPA; in addition, Williams mentions the alleged failure of Grow to notify him properly regarding actions taken by Grow arising from the repossession of his vehicle, but these are clearly only possible "violations" under the Uniform Commercial Code, which is adopted by state, and not federal, regulations and statutes.

9. The third count of Williams' counterclaim also fails to allege sufficient facts to determine which particular part of the FCRA Grow may have violated, nor does he set forth what "false, inaccurate and incomplete consumer credit information"[2] may have been furnished by Grow to any credit reporting agency; further, this count also incorporates all prior paragraphs, and all of the infirmities and deficiencies of the prior paragraphs, including mixing causes of actions, are inherent in this count.

---

[2] Williams' Answer & Counterclaim, page 7.

10. Count Four of the counterclaim refers to defendants who are not parties to this litigation and should be stricken as it states no cause of action against Grow.

## Legal Analysis

Fed. R. Civ. P. 8(a) states that a pleading that states a claim for relief must contain: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support; and 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A review of Williams' counterclaim shows that he has perhaps only fulfilled Fed. R. Civ. P. 8(a)(3) of the aforementioned basic pleadings requirements, even though it begs credulity to see how any actions taken by Grow were the proximate cause of the damages sought by Williams. The counterclaim in general is devoid of any specific factual allegations and contains nothing more than legal conclusions. Given the decision of the Supreme Court of the United States in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), which expanded upon the decision rendered by that court in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007), Williams' counterclaim, being devoid of any specific factual allegations, is subject to dismissal under the *Iqbal* standard: "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, p.1950.

Williams' counterclaim is a hodgepodge of legal conclusions but no facts. By mixing the various causes of action, the counterclaim is set forth in a fashion which makes it impossible for Grow to respond adequately since there are only vague references to an alleged lack of unspecified notices which are purported violations of unspecified statutory mandates. The counterclaim lacks any specific reference to what section of the FDCPA was violated by the alleged actions of Grow, and the vague references to the CCPA, which actually consist of numerous sections, and the FCRA, which consists of numerous sections and subsections, over 84 pages, are inadequate to state a cause of action against Grow.

With reference to the allegations under the FDCPA, given the pleading requirements established by *Iqbal*, the counterclaim completely fails to establish the applicability of the FDCPA to the actions of Grow. Judge Bucklew recently held that it is not enough for a plaintiff to simply identify itself as a consumer and the defendant as a debt collector in an FDCPA complaint, but must rather assert factual allegations which establish the legal relationship of the parties under the statute. "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he has been subject to a collection activity arising from a consumer debt; 2) that the defendant is a debt collector as defined by the FDCPA; and 3) that the defendant has participated in an act or omission prohibited by the FDCPA." *Dokumaci v. MAF Collection Services*, 2010 WL 1507014 (M.D. Fla. 2010). Not only does Williams not provide any factual allegations in the counterclaim to

meet these standards, he does not even go as far as making even the bare legal conclusions.

The counterclaim simply fails to adequately establish the grounds for the jurisdiction of this Court, mixes causes of action in multiple counts, incorporates prior counts into subsequent counts, fails to identify specific statutory sections violated by Grow, fails to adequately set forth the applicability of the FDCPA to the transactions between the parties and how Grow is a debt collector subject to the FDCPA, and completely fails to meet the *Iqbal* standards established by the United States Supreme Court.

## **CONCLUSION**

Wherefore, Counter-Defendant moves this Honorable Court for the entry of an order dismissing the Counterclaim of Counter-Plaintiff, striking Count Four of the Counterclaim, and granting such other and further relief as the Court deems just and appropriate in the circumstances.

Dated this 10th day of September, 2010.

/S/ Neil C. Spector
Neil C. Spector, Esq.
Florida Bar No. 280471
nspector@kasslaw.com
KASS, SHULER, SOLOMON, SPECTOR,
FOYLE & SINGER, P.A.
P.O. Box 800
Tampa, FL 33601
Tel: (813) 229-0900 Ext. 1337
Fax: (813) 769-7574
Attorney for Plaintiff/Counter-Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served a copy of the foregoing by First Class U.S. Mail on Counter-Plaintiff, Joseph Arthur Williams, 13110 Arbor Isle Drive, #305, Temple Terrace, FL 33637-1131.

/S/ Neil C. Spector