IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROW FINANCIAL FEDERAL
CREDIT UNION,

Plaintiff,

vs.                              Case No. 8:10-cv-01874-EAK

JOSEPH A. WILLIAMS, JR.
A/K/A JOSEPH WILLIAMS,

Defendant.
_____/

JOSEPH A. WILLIAMS, JR.
A/K/A JOSEPH WILLIAMS,

Counter-Plaintiff,

vs.

GROW FINANCIAL FEDERAL
CREDIT UNION,

Counter-Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT
AND GRANTING DEFENDANTS MOTION TO AMEND**

This cause is before the Court on Plaintiffs' Motion to Dismiss or Strike Counterclaim of for a More Definite Statement (Dkt. 6), and Defendant's response thereto (Dkt 10).

### BACKGROUND

This dispute arises from Defendant's default on a vehicle loan obtained from Plaintiff, which resulted in the vehicle being repossessed and sold at auction. The auction proceeds did not cover Defendant's outstanding loan balance, and Plaintiff brought this action to recover the outstanding amount ($17,399.27). In his Answer, Defendant, operating *pro se*, admits none of

Plaintiffs allegations and brings counter-claims under the Consumer Credit Protection Act, 15 U.S.C. § 1601, and the Fair Debt Collection Practices Act 15 U.S.C. § 1692. In his answer Defendant alleges insufficient statutory notice prior to the repossession of the vehicle and argues that the vehicle was sold in a commercially unreasonable manner. Plaintiff moves to dismiss or strike or, alternatively, for a more definite statement, arguing that Defendant's Counterclaim fails to state a claim or establish jurisdiction. Defendant has responded to Plaintiff's motion and requests permission to file an Amended Answer and Counterclaim adding additional third party counter-defendants.

## DISCUSSION

### I. Motion to Dismiss or for a More Definite Statement

Under Rule 15 of the Federal Rules of Civil Procedure, "The court should freely give leave [to amend pleadings] when justice so requires." Here, justice requires that Defendant, appearing *pro se*, rather than having his claim dismissed, be allowed to amend his pleading in order to remedy the technical deficiencies identified in the Plaintiff's Motion. Defendant, in his response to Plaintiff's Motion, has shown that he can remedy those deficiencies and will, thus, be allowed to file an amended pleading. Additional problems with the Defendant's answer were not raised in the Plaintiff's Motion, and will, therefore, not be addressed in this order.

### II. Defendant's Motion to Amend

The Court grants the Defendant leave to Amend his Complaint and Counterclaim in order to cure the threshold issues raised in the Plaintiff's Motion to Dismiss. However the Court directs that the Defendant closely examine the Federal Rules of Civil Procedure, specifically Rules 8, 10, and 11, before preparing his complaint. Such study will reveal that the Defendant has an obligation of candor to this court, and must not make frivolous arguments or denials of

fact. It is improper for the Defendant to deny a factual allegation that he knows to be true in order to hinder the Plaintiff's case. The Defendant has an obligation to deny only those facts which are at issue, so as not to waste the time of opposing counsel and the Court with unnecessarily protracted litigation. For instance, it is unethical and in violation of Rule 11 to make factual denials that are not warranted on the evidence. It is inconceivable that Defendant could, in good faith and with a proper understanding of the rules, make such broad denials as are contained in the original Answer. Therefore, Defendant is ordered to draft an Amended Complaint, incorporating the content of his Response to Plaintiff's Motion to Dismiss, and complying with the Federal Rules of Civil Procedure.

Furthermore, Defendant may add the proposed third-party counter defendants to this action through his Amended Complaint, provided that Defendant properly serves those parties and alleges facts to demonstrate that with respect to each proposed counter defendant, the "defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim" Crompton-Richmond Co. v. United States, 273 F. Supp. 219, 221 (S.D.N.Y. 1967). Accordingly, it is

**ORDERED** that the Plaintiff's Motion for a More Definite Statement and Defendant's Motion to Amend be **GRANTED**, and that Plaintiff shall file an Amended Complaint within ten (10) days of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of November, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE